MEMORANDUM *
Alberto A.F. Silva (“Silva”) appeals the district court’s summary judgment in favor of Allstate Insurance Company (“Allstate”) in Silva’s action alleging multiple tort claims against Allstate in handling an insurance policy Allstate had issued to Silva’s assignor, Brian Ponce (“Ponce”). The district court granted Allstate’s Motion for Summary Judgment on statute of limitation grounds, because Silva’s action was filed more than two years after Silva obtained a final judgment against Ponce in the underlying personal injury action Silva filed against Ponce. See Haw.Rev.Stat. § 431:10C-315 (1997).
The district court properly rejected Silva’s argument that the statute of limitation was equitably tolled until the time the Hawaii Supreme Court rendered its final decision in the declaratory judgment action that was filed by Allstate. The statute of limitation required Silva to assert whatever rights he had against Allstate in a timely manner and, after the final judg *611 ment and joint stipulation were entered in the personal injury action, he knew of the nature of his claims against Allstate. Allstate’s ongoing litigation in Allstate’s declaratory judgment action did not prevent Silva from timely filing his own action.
Even after the Hawaii Supreme Court rendered its final decision in Allstate’s declaratory action case, Silva had approximately two months to file an action within the statute of limitation period. Silva was not diligent in asserting his right to bring suit against Allstate. Because Silva was aware of the nature of his injuries and failed to pursue his right diligently, under Hawaii law equitable tolling is inapplicable. See Narmore v. Kawafuchi, 112 Hawai’i 69, 143 P.3d 1271, 1277 n. 15 (2006) (citing Black’s Law Dictionary 579 (8th ed.2004)); Office of Hawaiian Affairs v. State, 110 Hawai’i 338, 133 P.3d 767, 789 (2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.